## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
RANDY HARDIN AND                        )
VERNON BLASINGAME                       )
                                        )
            Plaintiffs,                 )
     v.                                 )
                                        )
                                        )Civ. Action No. 04-1299 (EGS)
                                        )
LISA JACKSON, ADMINISTRATOR,            )
UNITED STATES ENVIRONMENTAL             )
PROTECTION AGENCY,¹                     )
                                        )
            Defendant,                  )
                                        )
     and                                )
                                        )
BASF CORPORATION,                       )
                                        )
            Defendant-Intervenor)
_____)
```

### MEMORANDUM OPINION

Before the Court is a Motion for Leave to Intervene in the above-captioned case by BASF Corporation ("BASF").  This case involves the challenge to the registration of products regulated by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136-136y.  Plaintiffs ask the Court to invalidate these registrations.  BASF is the principal registrant, data submitter, owner, and manufacturer of the products which plaintiffs seek to invalidate.  BASF argues that

_____

[1]  By operation of Federal Rule of Civil Procedure 25(d)(1), EPA Administrator Lisa Jackson is automatically substituted as the proper party in place of former EPA Administrator Michael Leavitt.

they will suffer immediate and severe economic loss from the invalidation of these registrations.  Plaintiffs oppose BASF's motion; defendant does not oppose the motion.  After careful consideration of BASF's motion, plaintiff's opposition, BASF's reply, and applicable case law, this Court **GRANTS** BASF's Motion to Intervene and the Motion to Supplement the Administrative Record.

## I.   BACKGROUND

On August 3, 2004, plaintiffs, produce farmers who live in Arkansas, filed a Complaint with this Court alleging that BASF's registrations for Facet® 50 WP, Facet® 75 DF, and Facet® GR (collectively, "Facet") are not in compliance with FIFRA. Seeking declaratory and other relief, plaintiffs asked the Court to invalidate these registrations.  BASF applied for these registrations, submitted the data in support of them, and worked with the United States Environmental Protection Agency ("EPA") to secure and maintain the registrations.

On July 27, 2005, this Court stayed the action to permit the EPA to conduct administrative proceedings on plaintiffs' Petition to Revoke, which had been filed shortly before the Complaint in this case was filed.  The Court returned the matter to its calendar on January 15, 2008, and ordered the EPA to prepare to file its Answer and the Administrative Record.  The parties were

also ordered to negotiate and submit fact stipulations and a proposed briefing schedule for dispositive motions.

On March 16, 2008, this Court approved the parties' proposed joint briefing schedule; the briefing schedule was amended on May 8, 2008.  Stipulations of facts and exhibits by the parties were submitted to the Court on July 10, 2008, and the plaintiffs submitted a Motion for Partial Summary Judgment on August 1, 2008.  On September 5, 2008, defendant filed its opposition to plaintiffs' Motion for Partial Summary Judgment and a Cross-Motion for Summary Judgment.  On September 5, 2008, BASF filed its Motion to Intervene.  Plaintiffs timely filed an objection to BASF's motion; defendant does not oppose intervention.  BASF also filed an Answer, a Motion to Supplement the Administrative Record, a Motion to Strike Stipulations 6 and 8, and a Motion to Dismiss, or in the Alternative for Summary Judgement.  BASF asks the Court to consider the Answer and the other motions filed as of date of this Order.

## II.  DISCUSSION

Plaintiffs argue that BASF's motion is untimely and that BASF's interests are adequately represented by the EPA.  BASF contends that until the parties filed their fact stipulations and dispositive motion, BASF had every reason to believe that EPA would represent their interests.  After reviewing the

3

stipulations and pleadings, only then did BASF conclude that they were adverse to BASF's interests.  Up until then, they argue, they believed that their interests were being adequately represented by EPA.

As a threshold matter, BASF must show that it has Article III standing to participate in this litigation.  *See Military Toxics Project v. EPA*, 146 F.3d 948, 953 (D.C. Cir. 1998) (citing *City of Cleveland v. Nuclear Regulatory Comm'n*, 17 F.3d 1515, 1516-18 (D.C. Cir. 1994)).  This is not a high hurdle for BASF to clear.  "In many if not most cases the petitioner's standing to seek review of administrative action is self-evident." *Sierra Club v. EPA*, 292 F.3d 895, 899-900 (D.C. Cir. 2002).  "In particular, if the complainant is 'an object of the action (or forgone action) at issue' . . . there should be 'little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it.'" *Id.* at 900 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992)).  BASF's registrations for its pesticides are the subject of this suit, and if plaintiffs are granted the relief they seek, BASF will be injured.

A Motion to Intervene is governed by Federal Rule of Civil Procedure 24.  BASF's motion relies on both permissive intervention and intervention as of right.  *See* Fed. R. Civ. P. 24(a) & (b).  This Court finds that BASF is entitled to intervene

4

as of right; permissive intervention, therefore, need not be

addressed by this Court.  *See Fund for Animals v. Norton*, 322

F.3d 728, 731 (D.C. Cir. 2003) (citing *Foster v. Gueory*, 655 F.2d

1319, 1323-24 (D.C. Cir. 1981)).  Rule 24(a)(2) states in

relevant part:

> On timely motion, the court must permit
> anyone to intervene who . . . claims an
> interest relating to the property or
> transaction that is the subject of the
> action, and is so situated that disposing of
> the action may as a practical matter impair
> or impede the movant's ability to protect its
> interest, unless existing parties adequately
> represent that interest.

Fed. R. Civ. P. 24(a).

The party seeking intervention as of right must meet four

conditions: (1) the motion must be timely; (2) the party must

claim "'an interest relating to the property or transaction which

is the subject of the action'"; (3) the party must be "'so

situated that the disposition of the action may as a practical

matter impair or impede the applicant's ability to protect that

interest'"; and (4) the party must show that their interest may

not be "adequately represented by existing parties.'"  *Fund for

Animals*, 322 F.3d at 731 (quoting *Mova Pharm Corp. v. Shalala*,

140 F.3d 1060, 1074 (D.C. Cir. 1998)).

Plaintiffs only challenge the timeliness of the motion and

whether BASF's interests are adequately represented by EPA.  This

Court, therefore, need not consider the second and third

conditions under Rule 24(a)(2).

### A.   Timeliness

Plaintiffs argue that BASF's motion is not timely because BASF knew as far back as 2004 that its interests would be affected if plaintiffs were successful in this litigation. Timeliness is to be determined by looking at all of the circumstances relevant to the case and the motion. *See NAACP v. New York*, 413 U.S. 345, 366 (1973).  A review of the procedural posture of this case demonstrates that BASF's motion is timely.

This case was filed in 2004, and after initial filings and discussions by the parties, the case was stayed for two years. This Court lifted the stay on January 15, 2008.  The parties then entered the Stipulation of Facts and Exhibits on July 10, 2008. Plaintiffs' filed their Motion for Partial Summary Judgment on August 1, 2008.  The Court has not issued any decisions or the merits of the claim, and no discovery has or will occur in this case, as it is based on the administrative record.  BASF filed its Motion to Intervene after discovering that three of the stipulations that the parties entered were adverse to its interests.  In viewing all of the relevant circumstances of this case, this Court finds that BASF's motion is timely.

### B.   Adequate Representation of Interests

Even if a motion is timely, the Court may deny a motion to intervene if the moving party's interests are adequately represented by an existing party.  BASF specifically claims that the reason it moved to intervene is that it felt that the EPA was not adequately representing its interests.  A showing that existing representation is inadequate "is not onerous."  *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). "The applicant need only show that representation of his interest 'may be' inadequate, not that representation will in fact be inadequate."  *Id.* (citations omitted).  "[P]etitioner[s] ordinarily should be allowed to intervene unless it is clear that the [existing] party will provide adequate representation for the absentee."  *United States v. Amer. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) (internal quotation marks and citation omitted).  The EPA does not oppose intervention, and the D.C. Circuit has repeatedly held that private companies can intervene on the side the government, even if some of their interests converge.  *See Fund for Animals*, 322 F.3d at 736; *NRDC v. Costle*, 561 F.2d 904, 912-13 (D.C. Cir. 1977).  BASF seeks to intervene to protect its economic and propriety interests as the owner of Facet registrations.  The D.C. Circuit has frequently found "inadequacy of governmental representation" when the government has no financial stake in the outcome of the suit. *Dimond*, 792 F.2d at 192; *see also Fund for Animals*, 322 F.3d at

7

736; *NRDC*, 561 F.2d at 912, n.41; *Nuesse v. Camp*, 385 F.2d 694, 702-04 (D.C. Cir. 1967).  Furthermore, BASF specifically challenges three of the stipulations entered by plaintiffs and EPA.  As a result, BASF has offered additional pieces from the administrative record that it believes support its Facet registrations.  BASF's has also submitted as motion for summary judgment – which will now be accepted by this Court as a result of the disposition of this motion – which takes a different and much broader approach to the defense of the Facet registration process.

### III.  CONCLUSION

BASF's Motion for Leave to Intervene is **GRANTED**; BASF is hereby added as Defendant-Intervenor to the above-caption case. BASF's Motion to Supplement the Administrative Record is also **GRANTED**.  BASF's Answer, its Motions to Supplement the Administrative Record, to Strike Stipulations 6 and 7, and to Dismiss, or in the Alternative, for Summary Judgment, are deemed filed as of the date of this Order.  An appropriate Order accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan**
            **United States District Court Judge**
            **March 3, 2009**

8