IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY HARDIN and <br> VERNON BLASINGAME, <br><br> Plaintiffs, <br><br> v. <br><br> LISA JACKSON, ADMINISTRATOR, <br> UNITED STATES ENVIRONMENTAL <br> PROTECTION AGENCY, <br><br> Defendant, <br><br> and <br><br> BASF CORPORATION, <br><br> Defendant-Intervenor. | * <br> * <br> * <br> * <br> * <br> *   Civil No. JFM[1] 04-1299 <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*****

MEMORANDUM

Randy Hardin and Vernon Blasingame (collectively "plaintiffs"), tomato and produce farmers in Arkansas, bring suit against the Administrator of the United States Environmental Protection Agency, challenging the registration of three pesticides containing the active ingredient quinclorac. Plaintiffs and EPA have filed cross-motions for summary judgment. Defendant-Intervenor BASF Corporation ("BASF"), the manufacturer of the challenged pesticides, has filed a motion to dismiss or, in the alternative, for summary judgment. The matter has been fully briefed and no hearing is necessary. For the reasons that follow,

---

[1]This case was reassigned on June 19, 2009, from Judge Emmet G. Sullivan to the undersigned as a visiting judge from the United States District Court for the District of Maryland sitting by designation.

defendant-intervenor BASF's motion is treated as one to dismiss and granted as such. Defendant EPA's motion is construed in part as a motion to dismiss and granted as such.[2] Plaintiffs' motion for partial summary judgment is denied as moot, and EPA's motion for summary judgment is denied as moot to the extent that it is not based on statute of limitations grounds.[3]

I.

The sale, distribution, and use of pesticides in the United States is regulated by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §§ 136-136y. The registration scheme in FIFRA requires that pesticides be licensed before they are sold or distributed. *See id.* § 136a(a), (c). Sale or distribution of unlicensed pesticides may subject the seller to civil or criminal penalties. *Id.* §§ 136a(a), 136l.

FIFRA authorizes EPA to provide unconditional registrations as well as conditional registrations. *See id.* § 136a(c)(5), (7). There are three forms of conditional registrations authorized by the statute. Section 3(c)(7)(A) authorizes EPA to register a pesticide where that pesticide and its proposed use are "identical or substantially similar to any currently registered pesticide," or "differ only in ways that would not significantly increase the risk of unreasonable

---

[2] Because I dismiss the case for lack of jurisdiction, I do not have the power to consider a summary judgment motion. However, I construe EPA's motion concerning dismissal on statute of limitation grounds as a motion to dismiss. *See* 10A Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2713 (3d ed. 1998) ("[T]he label attached to the motion should not prevent the court from deciding a summary-judgment motion challenging the court's subject-matter jurisdiction as a suggestion that the court dismiss the action on that ground.").

[3] As I am dismissing the case, plaintiffs' motion to strike BASF's reply brief, EPA's motion to amend stipulation 6, and BASF's motion to strike stipulations 6, 7, and 8 are also denied as moot. I note that I did not consider the parties' stipulations given that the case is dismissed on jurisdictional grounds.

adverse effects on the environment." Section 3(c)(7)(B) authorizes EPA to amend an existing pesticide registration to permit additional uses of the pesticide. Section 3(c)(7)(C) authorizes EPA to register a pesticide "containing an active ingredient not contained in any currently registered pesticide" pending the receipt of certain data, provided that EPA "determines that use of the pesticide [until the data is received] will not cause any unreasonable adverse effect on the environment, and that use of the pesticide is in the public interest." Once EPA has approved a pesticide registration, either unconditionally or conditionally, the registrant is entitled to sell the product as long as the registration remains in effect.

FIFRA and the implementing regulations set forth in detail the process for registering a pesticide, including application procedures and data submission requirements. *See id.* § 136a(c); 40 C.F.R. §§ 152, 158. EPA is to publish notice in the Federal Register when it receives an application for registration of a product that contains a new active ingredient or a new use. 40 C.F.R § 152.02; 7 U.S.C. § 136a(c)(4). Pursuant to FIFRA's regulations, EPA is to publish notice of issuance in the Federal Register after registration of a product. 40 C.F.R. § 152.102.

BASF holds registrations for three pesticides containing the active ingredient quinclorac: Facet 50 WP ("Facet 50"), Facet 75 DF ("Facet 75"), and Facet GR. On January 9, 1992, BASF applied for conditional registration of FACET 50 under Section 3(c)(7)(C). (Pls.' Ex. 262, at FACET50_000732.) On October 13, 1992, EPA sent notice to BASF that Facet 50 had been conditionally registered under Sections 3(c)(7)(A) and (B).[4] (Pls.' Ex. 44.) The notice was accompanied by the EPA-approved label that must appear on all containers of pesticide offered for sale or distribution. (Pls.' Ex. 177, at FACET50_000113 - _000125.) The label includes the

---

[4]Facet 50, however, was only appropriate for registration under 3(c)(7)(C), as quinclorac (its active ingredient) was a new ingredient at that time.

EPA registration number.  (*Id.*)

After EPA's registration of Facet 50, EPA did not publish a notice of issuance in the Federal Register, although such notice is required by the regulations.[5]  As BASF notes, other notices related to Facet and quinclorac were published in the Federal Register.  *See* Quinclorac Establishment of Temporary Tolerances, 56 Fed. Reg. 28153 (June 19, 1991); Receipt of Application for Emergency Exemption to use Quinclorac Solicitation of Public Comment, 57 Fed. Reg. 8660 (Mar. 11, 1992); 3,7-Dichloro-8-Quinoline Carboxylic Acid, 57 Fed. Reg. 47994 (Oct. 21, 1992).

EPA conditionally registered Facet 75 and Facet GR on September 7, 1994, and April 27, 1998, respectively.  (Pls.' Exs. 267, 273.)  These products were registered under Section 3(c)(7)(A) of FIFRA, as they were "identical or substantially similar" to a "currently registered" pesticide – Facet 50.  (Pls.' Exs. 267, 273.)

Beginning in the 1990s, plaintiffs filed various lawsuits related to the use of Facet and quinclorac.  On June 26, 2000, plaintiffs filed suit against BASF in the Eastern District of Arkansas ("Arkansas action").  The Arkansas action was based on alleged damage to plaintiffs' tomato plants from off-target spray drift from Facet.  During the pendency of the Arkansas action but before filing the instant action, plaintiffs filed an administrative petition with EPA to

---

[5]In other Notices of Issuance published by EPA in the Federal Register for registrations under Section 3(c)(7)(A), EPA makes statements regarding its determinations that use of the pesticide during the conditional registration period will not cause unreasonable adverse effects, and use of the pesticide is in the public interest.  *See, e.g.*, U.S. Borax and Chem. Corp. Approval of Pesticide Product Registration, 57 Fed. Reg. 45055 (Sept. 30, 1992); Gustafson, Inc. Approval of a Pesticide Product Registration, 57 Fed. Reg. 55532 (Nov. 25, 1992).  The notices inform readers where to obtain a fact sheet providing further information, and state that a copy of the approved label and data used to support registration are available for public inspection.  *See id.*

revoke or suspend and cancel EPA registrations for Facet herbicides.  The petition was first filed on September 12, 2003, and was twice amended.  This petition, as noted below, remains pending.

The instant action was filed on August 3, 2004, based on alleged failure by EPA to make the proper written determinations to support the Facet registrations and the failure to publish a Federal Register notice regarding Facet 50.  On October 4, 2004, EPA moved to dismiss plaintiffs' complaint on statute of limitations grounds.  This motion to dismiss was denied without prejudice because plaintiffs' pending EPA administrative petition, if granted, could render the instant case moot.  A motion for summary judgment filed by plaintiffs was also denied without prejudice.  The case was stayed pending the outcome of the EPA administrative action.

For the next two and one-half years, the parties provided status reports to the court.  On October 10, 2007, November 1, 2007, and December 3, 2007, EPA advised the court that it anticipated final action would be taken on plaintiffs' administrative petition by December 31, 2007.  (Dkt. Nos. 21, 22, 23).  When EPA failed to render the anticipated final decision, the court returned the case to its calendar on January 15, 2008.  While the parties were briefing cross-motions for summary judgment, BASF filed a motion to intervene, which was granted on March 3, 2009.  *See Hardin v. Jackson*, 600 F. Supp. 2d 13 (D.D.C. 2009).

II.

In ruling on a motion to dismiss, the factual allegations are presumed true, and the plaintiff is given every favorable inference that may be drawn from the allegations.  *West Va. Highlands Conservancy v. Johnson*, 540 F. Supp. 2d 125, 133 (D.D.C. 2008).  On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of showing that the court has jurisdiction.  *See Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006); *see also*

*Lipsman v. Sec'y of Army*, 257 F. Supp. 2d 3, 6 (D.D.C. 2003) (noting that "a court resolving a motion to dismiss under Rule 12(b)(1) must give the complaint's factual allegations closer scrutiny than required for a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim"). The court may consider information outside of the pleadings in determining whether it has jurisdiction. *West Va. Highlands*, 540 F. Supp. 2d at 133.

### III.

EPA and BASF (collectively "defendants") contend that this court does not have jurisdiction over plaintiffs' complaint because it was not filed within 28 U.S.C. § 2401(a)'s six-year statute of limitations. I agree.[6]

Pursuant to Section 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). "A cause of action against an administrative agency 'first accrues,' within the meaning of § 2401(a), as soon as (but not before) the person challenging the agency action can institute and maintain a suit in court." *Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987). The D.C. Circuit has stated that the "right of action first accrues on the date of the final agency action." *Harris v. F.A.A.*, 353 F.3d 1006, 1010 (D.C. Cir. 2004).

Defendants assert that plaintiffs' right of action first accrued on the date EPA registered the quinclorac products, as the registration constituted the final agency action. Even the last of the three Facet products - Facet GR - was registered more than six years before the filing of this

---

[6]Because I dismiss the case for lack of subject matter jurisdiction, I need not address defendants' other arguments.

action.[7]

Plaintiffs respond that the discovery rule applies. (Pls.' Combined Reply in Supp. of Their Mot. for Summ. J. and Response in Opp'n to EPA's Mot. for Summ. J. ["Pls.' Combined Reply"] 1.) Under the discovery rule, a claim "does not accrue until the plaintiff discovers, or with due diligence should have discovered, the injury that is the basis of the action." *Conners v. Hallmark & Son Coal Co.*, 935 F.2d 336, 341 (D.C. Cir. 1991) (internal quotation marks and citation omitted). Plaintiffs assert that because EPA failed to publish notice of registration of Facet 50 in the Federal Register, the statute of limitations did not first accrue on that date. Instead, according to plaintiffs, the statute of limitations accrued on June 26, 2000, the date plaintiffs filed the Arkansas action. In that action, BASF filed an answer alleging that plaintiffs' claims were preempted due to Facet 50's registration under FIFRA. (Pls.' Combined Reply 8.) In attempting to rebut the registration, plaintiffs apparently obtained the Facet 50 registration and discovered the errors on which they base their instant complaint. (*Id.* 8-9.)

Defendants counter that the discovery rule cannot apply in an action governed by Section 2401(a) because the D.C. Circuit "has long held that section 2401(a) creates 'a jurisdictional condition attached to the government's waiver of sovereign immunity.'" *P & V Enters. v. U.S. Army Corps of Eng'rs*, 516 F.3d 1021, 1026 (D.C. Cir. 2008) (*quoting Spannaus*, 824 F.2d at 55). Plaintiffs do not challenge this precedent.[8] (Pls.' Mem. of Points and Auths. in Opp'n to

---

[7]The notice of registration of Facet GR was issued on April 27, 1998, thus the statute of limitations ran on April 27, 2004. Plaintiffs' complaint was filed August 3, 2004.

[8]In 2008, the D.C. Circuit recognized that Supreme Court decisions may have undermined Circuit precedent holding that Section 2401(a) is jurisdictional. *See P & V Enters.*, 516 F.3d at 1027-28 & n.2 (*citing Irwin*, 498 U.S. at 95-96, *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 128 S. Ct. 750, 755-56 (2008), *Bowles v. Russell*, 551 U.S. 205, 214 (2007)); *see also John R. Sand,* 128 S. Ct. at 760-61 (Ginsburg, J., dissenting); *Harris*, 353 F.3d

BASF's Mot. to Dismiss Or in the Alternative, For Summ. J. 14 n.6.)  However, plaintiffs argue that the discovery rule can apply even though Section 2401(a) is jurisdictional because the rule does not graft an equitable doctrine onto the statute, which would be precluded, but instead merely defines the ambiguous statutory term "accrues."  (*Id.* 12.)

In any event, whether the discovery rule can apply in these circumstances makes no difference in this case because even assuming the discovery rule applies, the six-year limitations period still expired well before plaintiffs brought the instant suit.  Plaintiffs had discovered that Facet 50 was being used and was potentially damaging their crops in the 1990s.  *Cf. Rotella v. Wood*, 528 U.S. 549, 555 (2000) (noting that "in applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock").  This is evidenced by the civil suits filed as early as March 3, 1995 by plaintiffs against pesticide applicators regarding Facet 50 and quinclorac.  (BASF Corp.'s Mem. of Points and Auths. in Supp. of Mot. to Dismiss, or, in the Alternative, for Summ. J., and in Opp'n to Pls.' Mot. for Summ. J. 2 n.1.)  While constructive notice could have been achieved through a publication in the Federal Register, plaintiffs instead were essentially on *actual* notice in the 1990s that Facet 50 had been registered by EPA.  This actual notice sufficed to begin running the statute of limitations.  *Cf. Indust. Union Dep't, AFL-CIO v. Bingham*, 570 F.2d 965, 971 (D.C. Cir. 1977) ("A person with actual notice is bound by an agency action, even if the act which imparts constructive notice to others filing with the Federal Register for publication has

---

at 1013 n.2; *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 277 (D.C. Cir. 2003).  However, because the parties had not raised this issue on appeal, the court affirmed dismissal for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and did not "address potential implications of recent Supreme Court decisions" on the jurisdictional nature of Section 2401(a). *P & V Enters.*, 516 F.3d at 1027.  Similarly, the plaintiffs in this case do not raise the issue, and I assume that Section 2401(a) is jurisdictional.

not yet occurred."); *United States v. Aarons*, 310 F.2d 341, 348 (2d Cir. 1962) ("If a person has actual notice of a rule, he is bound by it. . . . It goes without saying that actual notice is the best of all notices. At most, the Federal Register gives constructive notice."); *California Ass'n of Bioanalysts v. Rank,* 577 F. Supp. 1342, 1350 (C.D. Cal. 1983) ("Where the party to whom the notice was required to be given does not receive actual notice of the measure or is prejudiced by the inadequate notice, courts have readily enjoined the action in question until the agency fully complies with the notice requirements. Where, in contrast, the party has received actual notice of the proposed changes and therefore is able to adjust his behavior or make comments to the same degree as he would have had the notice provisions been fully satisfied, full compliance with [the statute] will not be required."). Were I to find otherwise, where EPA fails to publish notice in the Federal Register of a product registration, a potential plaintiff could control the statute of limitations clock simply by waiting to request documents that will form the basis of a claim, rendering the six-year limitation on challenges to final agency actions meaningless. Plaintiffs could have easily requested the registration documents on which they now base their claims when they discovered Facet 50 was being used and potentially damaging their crops. It would be reasonable to expect plaintiffs to make this inquiry to EPA, given that all pesticides sold in the United States must be registered with EPA, and all pesticides bear an EPA registration number clearly on the label.

      Plaintiffs present the alternative theory that the challenged EPA action was an *ultra vires* action of continuing application, and can therefore be challenged within six years of its first application to plaintiffs. *See Wind River Mining Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991) ("If . . . a challenger contests the substance of an agency decision as exceeding constitutional or statutory authority, the challenger may do so later than six years following the

decision by filing a complaint for review of the adverse application of the decision to the particular challenger."). That application, plaintiffs assert, occurred when BASF asserted in its answer to the Arkansas action that plaintiffs' product liability suit was preempted by FIFRA.

However, BASF did not issue the Facet registrations and cannot implement or enforce FIFRA. (BASF Corp.'s Reply in Supp. of its Mot. to Dismiss or, in the Alternative, for Summ. J. 14.) BASF's assertion in its answer to a lawsuit that plaintiffs' claim was preempted is not an agency action that triggers a new six-year limitations period. Moreover, the Facet registrations are not rules or regulations that can be "applied" to or "enforced" against plaintiffs. (*See id.* 14-15.) Therefore, plaintiffs' alternative theory fails.

For the foregoing reasons, BASF's motion to dismiss is granted and EPA's motion is construed in part as a motion to dismiss and granted as such. The remaining motions are denied as moot. A separate order implementing this ruling follows.

August 27, 2009   /s/
J. Frederick Motz
United States District Judge